**Liani J. Reeves, OSB No. 013904**
lreeves@bullardlaw.com
**Kalia Walker, OSB No. 154434**
kwalker@bullardlaw.com
Bullard Law
200 SW Market Street, Suite 1900
Portland, OR  97201
503-248-1134/Telephone
503-224-8851/Facsimile

    Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# EUGENE DIVISION

| | |
|---|---|
| **DYLAN BLANKS,** | Case No. 6:17-cv-01578 |
| Plaintiff, | **DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| **UNIVERSITY OF OREGON, LORETTA CANTWELL and LEANN GUTIERREZ**, in their individual capacities and their official capacities, | |
| Defendant. | |

Defendants University of Oregon, Lorretta[1] Cantwell, and LeAnn Gutierrez ("Defendants") hereby submit this Reply in support of their Motion to Dismiss and states as follows:

---

[1] Defendant Cantwell's name is misspelled in the caption. The correct spelling is "Lorretta."

Page 1    **DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

### A. Plaintiff's First Amendment Claim under 42 U.S.C. § 1983 must be dismissed.

Plaintiff's First Amendment retaliation claim should be dismissed because Plaintiff did not engage in constitutionally-protected speech. Moreover, Plaintiff has not offered any binding authority establishing that her speech was protected as a matter of clearly established law, and therefore cannot defeat qualified immunity for Defendants Cantwell and Gutierrez. Thus, for these reasons addressed more fully below and in Defendants' opening brief, Plaintiff's First Amendment claim against Defendants Cantwell and Gutierrez should be dismissed.

#### 1. Plaintiff spoke as an employee and not as a private citizen.

Plaintiff spoke as an employee, not a private citizen, when she filed a complaint with the Board of Nursing. She acknowledges that "as a Registered Nurse, [she] had an obligation to report this kind of gross misconduct that jeopardized the public health to her licensing authority." (Pl.'s Resp. p. 11)[2] Plaintiff contends that her complaint is protected because it was "an incident of her professional licensure[.]" *Id.* But the content of her complaint was directly related to – indeed it was dependent upon – her job duties as the Lead Nurse at the UOHC. Further, as noted in Defendants' opening brief, other district courts have ruled that mandatory reports based on information obtained as a result of employment are not constitutionally protected. (Def.'s Mot. p. 23)

Plaintiff cites *Frietag v. Ayers*, 468 F.3d 528 (9th Cir. 2006) and *Dahlia v. Rodriguez*, 735 F.3d 1060 (9th Cir. 2013) for the proposition that her complaint was

---

[2] Defendants' Reply refers to the page numbers at the bottom of Plaintiff's Response.

constitutionally protected. However, the facts in *Freitag* and *Dahlia* are distinguishable from the present case. In *Freitag*, a former corrections officer sued the California Department of Corrections, and department officials, alleging First Amendment retaliation, among other claims. 468 F.3d at 536. Plaintiff Freitag alleged that her former employer discriminated against her after she complained both internally and externally about sexually inappropriate inmate conduct. *Id.* at 543-44. The Ninth Circuit concluded that plaintiff Freitag's external complaints to a state senator and the Office of Inspector General regarding her treatment were protected speech. *Id.* at 546. In *Dahlia*, the plaintiff alleged First Amendment retaliation and the individual defendants moved to dismiss. *Dahlia,* 735 F.3d at 1066. Construing the complaint in the plaintiff's favor, the Ninth Circuit held that a police officer's external complaints were protected when they involved reporting misconduct to a police union and an external sheriff's department in an investigation. *Dahlia*, 735 F.3d at 1077-78. Significantly, the external reporting in both cases was not "required."[3] Unlike the employees in *Freitag* and *Dahlia*, state law <u>required</u> Plaintiff to report her external complaint to the Board of Nursing and the subject of her complaint concerned her job at UOHC.

Similarly, Plaintiff's internal complaints were not protected because they were made pursuant to her official duties as the Lead Nurse. *See Garcetti v. Ceballos*, 547 U.S. 410, 421, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006) (First Amendment did not protect employee's speech made pursuant to job duties). Plaintiff argues that her communications were made as a private citizen because they involved a matter of public

---

[3] Indeed, in *Dahlia*, the Court suggests that had the plaintiff's external reports been required pursuant to his duties as a police officer, those complaints would *not* be protected speech. *See Dahlia*, 735 F.3d at. 1077.

Page 3    **DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

concern, rather than typical employee workplace grievances. (Pl.'s Resp. p. 2) But, even if an employee's speech involves a matter of public concern, it is not protected if it is made pursuant to one's job duties. *See Dahlia*, 735 F.3d at 1076 (plaintiff's internal reports of police misconduct involved matter of public concern, but were not protected because he acted pursuant to his job duties). As noted in Defendants' opening brief, (Def.'s Mot. p. 22), Plaintiff's internal communications were pursuant to her duties. Accordingly, those complaints do not receive First Amendment protection.

### 2. Defendants Cantwell and Gutierrez are entitled to qualified immunity because they did not violate Plaintiff's "clearly established" right.

To defeat qualified immunity, Plaintiff must point to prior precedent regarding the conduct at issue that is controlling (*i.e.* Ninth Circuit or Supreme Court) or "embraced by a consensus of courts outside the relevant jurisdiction." *See Sharp v. Cty. of Orange*, 871 F.3d 901, 911 (9th Cir. 2017) (plaintiff must identify case law "that articulates a constitutional rule specific enough to alert *these* [defendants] *in this case* that *their particular conduct* was unlawful.") (emphasis in original) (internal quotation and citation omitted). In other words, Plaintiff must provide some binding authority establishing that Defendants would understand that she engaged in "clearly established" protected speech. Although Plaintiff is not required to provide "a case directly on point," (Pl.'s Resp. p. 14), the Supreme Court has "repeatedly told courts—and the Ninth Circuit in particular—not to define clearly established law at a high level of generality." *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018).[4]

---

[4] Plaintiff suggests that the "clearly established" standard need not apply with such force in the First Amendment retaliation context. (Pl.'s Resp. p. 13, n.6). However, that argument is without merit. First Amendment retaliation claims are

[Footnote continued on next page]

Page 4   **DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff's First Amendment claim should be dismissed because she offers little more than conclusory statements to argue that qualified immunity is inapplicable in this instance. First, as discussed above, *Freitag* does not establish that mandatory reports to outside agencies or licensing boards are protected speech. Second, the Ninth Circuit's analysis in *Dahlia* shows that internal complaints arising from one's job duties, similar to Plaintiff's, are not constitutionally protected. *See Dahlia*, 735 F.3d at 1076. Because Plaintiff has failed to offer authority sufficient to defeat a claim of qualified immunity, her First Amendment retaliation claim should be dismissed.

### B. Defendants Cantwell and Gutierrez are entitled to qualified immunity on Plaintiff's Hostile Work Environment and Race Discrimination Claims under 42 U.S.C. §§ 1983 and 1981.

Plaintiff appears to conflate her prima facie burden under Title VII with the different and higher standard required to defeat a qualified immunity claim. *See Grossman v. City of Portland*, 33 F.3d 1200, 1208 (9th Cir. 1994) (a public official's claim of qualified immunity is defeated only if "in the light of pre-existing law the unlawfulness of his conduct was apparent") (internal quotation and citation marks omitted). As noted in Defendants' opening brief, Defendants are not asking the Court to resolve the *merits* of Plaintiff's hostile work environment and race discrimination claims. Rather, Defendants are asking the Court to apply the qualified immunity test and determine whether Plaintiff has alleged facts and provided authority establishing that her constitutional rights were "'clearly established' at the time of the challenged

---

[Continued from previous page]

"rarely, if ever, [] sufficiently 'clearly established' to preclude qualified immunity...." *Moran v. State of Wash.*, 147 F.3d 839, 847 (9th Cir. 1998).

Page 5   **DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 131 S.Ct. 2074, 2080, 179 L.Ed.2d 1149 (2011). She has not.

### a. Plaintiff's hostile work environment claim must be dismissed.

Plaintiff has not proven that she was subject to a hostile work environment based on clearly established law. Plaintiff argues that her claim should not be dismissed because she has "sufficiently alleged a prima facie case for hostile work environment under 42 USC §§ 1983 and 1981." (Pl.'s Resp p. 18) However, Plaintiff misstates her burden. To survive Defendants' Motion to Dismiss, she must do more than plead the elements of a prima facie case of hostile work environment. She must also establish that the conduct alleged which forms the basis of her hostile work environment claim is conduct that constituted a hostile work environment claim under "clearly established" law. Those are two different burdens and Plaintiff has failed to satisfy the latter.

Plaintiff discusses hostile work environment legal standards at length, but she does not offer a single controlling case establishing that the <u>specific conduct</u> she complains of, individually or taken together, created a hostile work environment under clearly established law.  For example, she cites *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 817 (9th Cir. 2002) for the proposition that a hostile work environment can exist where a plaintiff is treated differently based on stereotypes of their national origin. *Id.* However, the circumstances in *Kang* are not sufficiently analogous to defeat qualified immunity and subject Defendants Cantwell and Gutierrez to personal liability. In fact, they have no relation to the conduct that is alleged in this case. In *Kang,* the plaintiff's manager called him names including "stupid," "cripple," "son of a bitch," and "asshole." *Kang*, 296 F.3d at 814. Plaintiff Kang also suffered physical abuse, which "consisted of

Page 6    **DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

5509/11 00881898 V 2

striking [plaintiff] in the head with a metal ruler on approximately 20 occasions, kicking him in the shins, pulling his ears, throwing metal ashtrays, calculators, water bottles, and files at him, and forcing him to do 'jumping jacks.' *Id.* These facts in no way clearly establish that Defendant Cantwell should have known that her conduct, which consists of additional scrutiny and questioning Plaintiff at meetings, created a hostile work environment given the types of behavior that formed the basis of a hostile work environment in previous Ninth Circuit cases. *See also, Ray v. Henderson*, 217 F.3d 1234, 1245 (9th Cir. 2000) (denying summary judgment on hostile work environment claim where supervisors regularly yelled at plaintiff and called him names).

Even Plaintiff appears to acknowledge this is a "close case" of hostile work environment harassment. (*See* Pl.'s Resp. p. 17) While Defendants disagree that this is a close case, Plaintiff's acknowledgment demonstrates that she has not satisfied her burden of proof in the qualified immunity context. Because Plaintiff has not shown that her rights were clearly established when the alleged misconduct occurred, Defendants Cantwell and Defendant Gutierrez are entitled to quailed immunity on this claim.

### b. Plaintiff's race discrimination claims fail to allege an adverse employment action under clearly established law.

Defendants recognize that it is well-established that an employer cannot take adverse action against an employee based on that individual's protected status. Defendants are not asking the Court to decide otherwise. However, whether Plaintiff's alleged harms constitute "adverse employment actions" is not "clearly established" and therefore Defendants Cantwell and Gutierrez are entitled to qualified immunity on this claim as well.

To establish a *disparate treatment* claim under Title VII, Plaintiff is required to prove she suffered an "adverse employment action" that "materially affect[s] the compensation, terms, conditions, or privileges, of ….employment." *See Chuang v. Univ. of California Davis, Bd. of Trustees*, 225 F.3d 1115, 1126 (9th Cir. 2000). However, Title VII *retaliation* claims are subject to a different "adverse employment action" standard. In the retaliation context, an adverse action is any action that would deter a reasonable employee from engaging in protected activity. *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 69, 126 S. Ct. 2405, 2416, 165 L. Ed. 2d 345 (2006). Plaintiff alleges a disparate treatment claim, not a retaliation claim. (Compl. ¶¶ 67, 80) Consequently, her alleged adverse employment actions must be materially adverse to establish a prima facie case of discrimination.

As noted in its opening brief, Defendants acknowledge that Plaintiff's "expectations letter" and paid administrative leave might be found to be adverse employment actions under the Title VII disparate treatment standard. (Def.'s Mot. p. 27-28.) However, Plaintiff's remaining allegations are not sufficiently material to support a prima facie case of disparate treatment. For example, references to Defendant Cantwell's demeanor are unpersuasive as it is well-established that Title VII is not a "general civility code for the American workplace." *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80, 118 S. Ct. 998, 1002, 140 L. Ed. 2d 201 (1998). Further, Plaintiff cannot attempt to bolster her disparate treatment claim by inserting allegations relied on in support of her hostile work environment claim. (*See* Compl. ¶ 41; Pl.'s Resp. p. 19.).

Moreover, Plaintiff fails to offer authority that would defeat Defendant

Page 8 **DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

Cantwell and Defendant Gutierrez's qualified immunity claims. First, two of the four cases Plaintiff cites are irrelevant because they are not controlling in the Ninth Circuit. (Pl.'s Resp. p. 19) Second, these cases do not demonstrate that Plaintiff suffered an adverse employment action as a matter of clearly established law. In *Ford v. General Motors*, 305 F.3d 545, 553-55 (6th Cir. 2012) the Sixth Circuit determined that increased surveillance was an adverse action in a Title VII *retaliation* claim. Plaintiff does not allege a retaliation claim. In *Scott v. City of Chicago*, 195 F.3d 950, 952 (1999), the Court merely held that an allegation of decreased job responsibilities was sufficient to provide notice of the nature of her claim. *Scott* does not prove that a decrease in job responsibilities is an adverse employment action as a matter of clearly established law.

Nor do Plaintiff's Ninth Circuit cases show that Plaintiff's alleged adverse employment actions were clearly established violations under existing case law. In *Chew v. City & Cty. of San Francisco*, 714 F. App'x 687, 691 (9th Cir. 2017), the plaintiff alleged both discrimination *and* retaliation claims under Title VII, which is distinguishable from the present case where plaintiff has alleged no retaliation claim. Moreover, *Chuang v. Univ. of California Davis, Bd. of Trustees*, 225 F.3d 1115, 1126 (9th Cir. 2000) does not support Plaintiff's position. In *Chuang,* the Ninth Circuit held that a forced relocation was an adverse employment action because the move constituted a material change in the terms and conditions of plaintiffs' employment. *See id.* at 1125-26. *Chuang* is inapposite in this case because Plaintiff has not alleged that Defendants forced her to relocate her workspace at UOHC.

Finally, Plaintiff does not address Defendants' authority noting that an "expectations letter" or paid administrative leave are not "clearly established" adverse

employment actions under the anti-discrimination provision of Title VII. Moreover, any authority she offers to the contrary can only be construed as demonstrating that the law in this area is not settled as it relates to these personnel decisions. Consequently, Plaintiff's race discrimination claims against Defendants Cantwell and Gutierrez should be dismissed.

### C. The individual defendants must be substituted for the public body under the Oregon Tort Claims Act.

Plaintiff offers no support to avoid application of the Oregon Tort Claims Act (OTCA) in this matter. Plaintiff correctly asserts that it is through the OTCA that the state has waived immunity and that the OTCA limits the amount of damages that a plaintiff can recover for the torts of officers, employers or agents of a public body. (Pl.'s Resp. p. 19-20) Thus, the OTCA provides that the sole cause of action for a tort committed by officers, employees, or agents of a public body acting within the scope of their employment is under and subject to the limitations of the OTCA. ORS 30.265(2).

The OTCA also provides that "the *sole* cause of action for a tort committed by officers, employees or agents of a public body acting within the scope of their employment or duties and eligible for representation and indemnification under ORS 30.285 (emphasis added). Therefore, when an action is filed against an officer, employee, or agent of a public body, and the plaintiff alleges damages in an amount equal to or less than the damages allowed under the OTCA, "the court upon motion *shall* substitute the public body as the defendant." ORS 30.265(3) (emphasis added). As discussed in Defendants' opening brief, the damages cap applicable to this case is $2,073,600. Plaintiff does not appear to dispute the applicable cap.

Plaintiff also does not dispute that she has not met the $2,073,600

threshold in her Complaint. Rather, she argues that in federal court, she is not required to plead an amount of damages and therefore the Court should wait to determine whether the amount awarded by a jury is above or below the cap. There is nothing in the OTCA that permits this type of "wait and see" approach. Rather, the OTCA specifically provides that the public body "shall" be substituted as the defendant if the amount of damages alleged do not meet the threshold. ORS 30.265(3).

Plaintiff also argues that she is somehow exempt from the explicit limits imposed by the OTCA because "[i]t does not appear that the legislature considered OTCA claims brought in Federal court." (Pl.'s Resp. p. 21) There is no support in the OTCA or that Defendants can find in case law that support Plaintiff's assertion that a federal court should not apply the OTCA to state claims brought in federal court.

This court has walked through this very analysis in several unpublished opinions this past year (notably, after *Horton v. OHSU* was decided). In *Lovelady v. Beamer*, No. 2:16-CV-1614-PK, 2017 WL 4707509, at *6 (D. Or. Oct. 19, 2017), the plaintiff's claims were brought against the individual defendant Beamer who was acting within the course and scope of his employment and the plaintiff had not alleged damages in excess of those allowed in ORS 30.271-30.273. The court found that "[i]t follows that, under the OTCA, the only appropriate defendant in connection with [the plaintiff's] negligence claim is the public body by which Beamer was at all material times employed. *See* Or. Rev. Stat. § 30.265(1)-(4). ODOC must therefore be substituted for Beamer as the defendant in connection with Lovelady's negligence claim." *Id.* Similarly, in *Perez v. Peters*, No. 2:16-CV-2196-PK, 2017 WL 7734093, at *8–9 (D. Or. Aug. 7, 2017), *report and recommendation adopted*, No. 2:16-CV-2196-PK, 2017 WL 4128375

Page 11    **DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

(D. Or. Sept. 18, 2017), *motion for relief from judgment denied*, No. 2:16-CV-2196-PK, 2018 WL 985758 (D. Or. Feb. 20, 2018), the court dismissed the individual defendants and substituted the state agency because there was no suggestion in any degree the possibility that the individual defendants could have been acting outside the scope of his or her employment and the plaintiff did not argue that the damages he sought in connection with the asserted Oregon constitutional tort could exceed the threshold of the damages allowed under the OTCA.

Plaintiff has admittedly not alleged damages in excess of the amounts required by the OTCA. Accordingly, the University must be substituted for the individual defendants, and the claims against Defendants Cantwell and Gutierrez arising under state law must be dismissed.

### D. ORS 659A.203 provides the exclusive basis for a whistleblowing claim against a public employer.

Plaintiff asserts that "Oregon law permits suits against a public employer for whistleblowing under both ORS 659A.199 and ORS 659A.203" and *cites Hall v. Oregon*, 274 Or. App 455, 450-54, 366 P.3d 345 (2015) as her authority. But the issue of whether ORS 659A.203 is the exclusive remedy for whistleblowing against a public employer was not decided in *Hall*. Rather, the issue in Hall was whether three whistleblowing statutes – ORS 659A.199, ORS 659A.203, and ORS 659A.230 all require an objective reasonableness test. The Oregon Court of Appeals did not decide, and the defendants did not raise in their appeal—whether ORS 659A.203 was the *exclusive* remedy for public employees.

It appears that the defendant in *Hall* did make that argument later after remand. Plaintiff attached an opinion from Marion County Circuit Court Judge

Page 12   **DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

5509/11 00881898 V 2

Channing Bennett finding that a claim under ORS 659A.199 applies to both public and private employers. (*See* Pl.'s Resp. App. 1, pp. 13-14) But that trial court letter opinion is of no precedential value and does not provide the level of analysis that was carefully done by this court in *Lindsey v. Clatskanie People's Utility District*, 140 F.Supp.3d 1077 (D. Or. 2015), *Nichol v. City of Springfield*, No. 6:14-CV-01983-AA, 2016 WL 3512071, at *4 (D. Or. June 27, 2016), and *Minger v. Hood Community College District*, No. 3:14-CV-01460-SI, 2016 WL 475382, at *6-7 (D. Or. Feb. 4, 2016). These cases were briefed in Defendants' opening brief and will not be repeated here. (Def.'s Mot., p. 33-35)

Plaintiff also provides documents from a Clackamas County state trial court matter, *Burley v. Clackamas County*, CV 14110305. (Pl.'s Resp. App. 1 pp. 1-13) Besides not providing any precedential value, the pre-trial order from Clackamas County Circuit Court also provides no analytical value. While Plaintiff alleges that "these decisions were made utilizing the basic rules of statutory construction" (*see* Pl.'s Resp. p. 24), it is difficult to see how Plaintiff can make such an assertion when the pre-trial order in *Burley* contains no analysis at all, simply the conclusion that the court finds that actions under ORS 659A.199 applies to both private and public employers.

It has been definitively decided by Oregon's appellate courts that ORS 659A.203 imposes more demanding standards for whistleblowers in the public employment context. *See Love v. Polk County Fire Dist.*, 209 Or. App. 474 (2006). As this court has noted, "[i]t would…make little sense to subject a public employer to competing requirements by allowing a plaintiff to bring claims under both' provisions." *Nichol v. City of Springfield*, No. 6:14-CV-01983-AA, 2016 WL 3512071, at *4 (D. Or. June 27, 2016). Allowing Plaintiff to proceed with a ORS 659A.199 claim would

Page 13    **DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

eviscerate the intent of having a distinct and higher standard for public employees to meet the standard of whistleblowing.

Defendants move the Court to dismiss Plaintiff's claim under ORS 659A.199 as inapplicable to a claim against the University of Oregon as a public employer.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss should be granted.

DATED: May 4, 2018

                BULLARD LAW

                By s/ Liani J. Reeves
                   Liani J. Reeves, OSB No. 013904
                   lreeves@bullardlaw.com
                   Kalia Walker, OSB No. 154434
                   kwalker@bullardlaw.com
                   503-248-1134/Telephone
                   503-224-8851/Facsimile
                   Attorneys for Defendant
                   University of Oregon

# CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2018 I served the foregoing **DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS** on:

>   Beth Creighton
>   Creighton & Rose, PC
>   Powers Building, Suite 300
>   65 SW Yamhill Street
>   Portland, OR  97204

☑   by **electronic** means through the Court's Case Management/Electronic Case File system, which will send automatic notification of filing to each person listed above.

☐   by **mailing** a true and correct copy to the last known address of each person listed.  It was contained in a sealed envelope, with postage paid, addressed as stated above, and deposited with the U.S. Postal Service in Portland, Oregon.

☐   by causing a true and correct copy to be **hand-delivered** to the last known address of each person listed.  It was contained in a sealed envelope and addressed as stated above.

☐   by causing a true and correct copy to be delivered **via overnight courier** to the last known address of each person listed.  It was contained in a sealed envelope, with courier fees paid, and addressed as stated above.

☐   by **faxing** a true and correct copy to the last known facsimile number of each person listed, with confirmation of delivery.  It was addressed as stated above.

☐   by **emailing** a true and correct copy to the last known email address of each person listed, with confirmation of delivery.

>   s/ Liani J. Reeves
>   Liani J. Reeves, OSB No. 013904
>   Attorneys for Defendant
>   University of Oregon

Page 1    CERTIFICATE OF SERVICE

5509/11 00881898 V 2